UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DONALD MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 1:12-cv-1207-TWP-DML |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing Certain Claims,
and Directing Further Proceedings**

For the reasons explained below, certain claims alleged in the complaint shall proceed while other claims must be dismissed as legally insufficient.

**I.**

The 26-page complaint filed by plaintiff Donald Morris has now been screened as required by 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Donald Morris, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999; *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

The plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under ' 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). A corollary to this rule is that without a predicate constitutional violation one cannot make out a prima facie case under ' 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992). In order to be held responsible for the violation of a federally secured right for which a remedy in damages is sought pursuant to ' 1983, an individual must have personally participated in the

alleged constitutional deprivation. *Zimmerman v. Tribble,* 226 F.3d 568, 574 (7th Cir. 2000).

## II.

Applying the standard set forth above, the following claims are dismissed:

1. Claims of discrimination, retaliation, defamation of character and denial of due process are **dismissed,** along with any alleged violations of Morris's First, Fifth and Fourteenth Amendment rights. These claims are wholly conclusory and hence legally insufficient. The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly,* 550 U.S. at 555 & 557).

2. Claims against the Indiana Department of Correction (IDOC) are **dismissed.** Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). In addition, the claim that the IDOC is liable because of its unconstitutional policies is rejected. Specifically,

Morris alleges that the IDOC failed to ensure compliance with all statutes, rules and administrative directives pertaining to the delivery of health care services as part of a "blanket policy of abuse" and failed to correct constitutional violations against offenders by medical staff. The claim that the IDOC or Plainfield Correctional Facility (PCF) has a "blanket policy of abuse" is frivolous. No such "blanket" policy exists and Mr. Morris has not claimed any facts to support this conclusory allegation. In addition, the IDOC cannot be held responsible pursuant to a theory of *respondeat superior*. *West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

3. Claims against Corizon Medical Services or CMS are dismissed because CMS is a corporation, and a private corporation is not vicariously liable under 42 U.S.C. ' 1983 for its employees' deprivations of others' civil rights, but can only be liable if the injury alleged is the result of a policy or practice. *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008). This element of a viable claim is absent as to the claim against CMS because there is no coherent statement of an unconstitutional policy alleged in the complaint.

4. Wendy Knight, the former Superintendent of PCF, and Brian Smith, the current Superintendent of PCF, are dismissed. Morris alleges that Ms. Knight and Mr. Smith failed to respond to requests and grievances regarding his medical treatment even though they were "statutorily responsible" for the inmates at PCF. The alleged failure of these defendants to respond to complaints about the medical

care Morris received is not sufficient to bring them into the zone of liability under '1983, because "[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Morris's allegations do not suggest a plausible basis for concluding that these supervisory defendants caused or participated in the alleged constitutional deprivation. *See Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983).

5. Claims against Crystal Hottman and Andy Dunigan **must be dismissed** for failure to state a claim upon which relief may be granted because there is no allegation of wrongdoing on their part. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). There is not even the hint of deliberate indifference on the part of Hottman or Dunigan in relation to an allegation sufficient to raise Morris's right to relief above the speculative level or enough facts to state a claim to relief that is plausible on its face. See *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005)(@[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.@)(quotation marks and citation omitted).

### III.

**The Eighth Amendment claim of deliberate indifference to a serious medical need asserted against Dr. Michael Person, Dr. Christopher Nelson,**

**and Dr. Richard Tanner, shall proceed as submitted.** Specifically, this claim is that the defendant doctors denied Morris constitutionally adequate medical care for diabetes and associated wounds which resulted in severe pain and in the amputation of his big toe.

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* **4(c)(3)**, to issue and serve process on defendants Dr. Michael Person, Dr. Christopher Nelson, and Dr. Richard Tanner in the manner specified by *Fed. R. Civ. P.* **4(d)(1)**. Process shall consist of the complaint, applicable forms and this Entry.

The **clerk is directed** to terminate all other defendants on the docket consistent with Part II of this Entry.

**IT IS SO ORDERED.**

Date: 12/12/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Donald Morris
901151
Plainfield - CF
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Dr. Michael Person
727 Moon Road
Plainfield, IN 46168

Dr. Christopher Nelson
727 Moon Road
Plainfield, IN 46168

Dr. Richard Tanner
727 Moon Road
Plainfield, IN 46168

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.