UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD MORRIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:12-cv-1207-TWP-DML |
| DR. MICHAEL PERSON, DR. CHRISTOPHER NELSON, and DR. RICHARD TANNER, | ) |
| Defendants. | ) |

**ENTRY REGARDING PENDING MOTIONS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment (Dkt. 45) and Motion to Dismiss (Dkt. 60) filed by Defendants, Dr. Michael Person ("Dr. Person"), Dr. Christopher Nelson ("Dr. Nelson"), and Dr. Richard Tanner ("Dr. Tanner") (collectively, "Defendants"). The Plaintiff, Donald Morris ("Mr. Morris"), a former inmate of the Indiana Department of Correction and the Plainfield Correctional Facility, filed this action alleging he was denied constitutionally adequate medical care. For the reasons stated below the Defendants' Motion for Summary Judgment is **GRANTED** and their Motion to Dismiss is **DENIED**.

## I. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Federal Rule of Civil Procedure 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). If the moving party meets its burden of showing that there are no issues of material fact and that he or she is entitled to a judgment as a matter of law, the non-moving party must "go beyond the

pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). *See* Fed. R. Civ. P. 56(c)(1)(A), (B) (both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Federal Rule of Civil Procedure 41(b).

## II. FACTUAL BACKGROUND

The evidentiary record, construed most favorably toward Mr. Morris as the nonmovant, shows the following: Mr. Morris has diabetes and at the time relevant to the claim and events in this case was an inmate of the Indiana Department of Correction. Dr. Person, Dr. Nelson, and Dr. Tanner are each Indiana physicians who were responsible for rendering some medical care to Mr. Morris or making some decision regarding his medical care during his imprisonment. There came a point when it became necessary for the great toe on Mr. Morris's right foot to be amputated. The Defendants had specific involvement with the Mr. Morris's medical care during specific periods of time.

2

Mr. Morris was seen by Dr. Pearson on January 17, 2009. A superficial wound was cleaned and dressed. No infection was present. Dr. Pearson ordered dressing changes and a follow-up appointment. On January 23, 2009, Dr. Pearson examined Mr. Morris due to a loose nail on his great right toe. On February 8, 2009, Mr. Morris was examined by an LPN and was advised to buy Band-Aids from the commissary. He was also advised that he could buy shoes in the commissary or switch to state-issued shoes. Three days later, Dr. Pearson examined Mr. Morris and reviewed medication he was taking. On November 30, 2009, Dr. Pearson examined Mr. Morris and found an ulcer on the right side of the great toe of the left foot and bottom of the toe of the right foot. Dressing changes and x-rays were ordered. On January 5, 2010, Dr. Pearson informed Mr. Morris that the foot soaks had been working and that his feet were looking better. Dr. Pearson denied Mr. Morris's request for a different pain medication and advised Mr. Morris to continue with Tylenol.

On March 17, 2010, Dr. Nelson examined Mr. Morris and reported the wound on his right foot to be 3 cm, ulcerated and malodorous. Eight days later, Dr. Nelson examined Mr. Morris's right foot and cut away the dead skin around the ulcerated wound. Dr. Nelson referred Mr. Morris to an outside hospital with a wound clinic. Mr. Morris was transported to the Wishard Memorial Hospital Wound Clinic in May 2010, at which time x-rays were taken and no infection was seen in his wound. He had more dead skin cut off and was fitted for orthopedic boots. Mr. Morris received numerous treatments for his foot by nursing staff from January 2010 through August 2010. An examination on August 28, 2010 revealed that Mr. Morris's feet "were looking very bad." Unfortunately, his toe could not be saved and an amputation was performed on October 4, 2010. The amputation was not performed by or under the direction of any of the Defendants, nor based on the medical judgment of any of them.

Dr. Tanner enters the picture on July 16, 2012, when he ordered ointment for Mr. Morris, rather than performing an examination. Mr. Morris was told that Dr. Tanner would try to get approval for a consultation with a specialist. On July 27, 2012, Mr. Morris's foot remained swollen and he was prescribed no pain medication. Shortly thereafter, Mr. Morris was evaluated for a new medical shoe by a physical therapist. He received that shoe on August 1, 2012.

On August 23, 2012, Mr. Morris, *pro se*, filed a Complaint alleging Defendants violated his constitutional rights by acting with deliberate indifference to his serous medical need following complications with his diabetes resulting in amputation of his great toe on his right foot. Thereafter, Defendants moved for summary judgment and provided Mr. Morris with notice pursuant to Local Rule 56-1. Because Mr. Morris failed to respond to the Motion for Summary Judgment, Defendants filed, in the alternative, a Motion to Dismiss for failure to comply with a court order.

### III. DISCUSSION

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In the context presented here, "[p]rison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition." *Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007) (some internal citations

omitted). As to the second element, "[t]o show deliberate indifference, the plaintiff must demonstrate that the defendant was actually aware of a serious medical need but then was deliberately indifferent to it." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). For the Defendants, medical professionals, to be liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" *Sain v. Wood,* 512 F.3d 886, 895 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County,* 163 F.3d 982, 988 (7th Cir. 1998)); *see also Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006).

Mr. Morris has not opposed the Defendants' Motion for Summary Judgment, either with evidentiary material or with a narrative statement suggesting that the Defendants are not entitled to summary judgment based on the pleadings and the evidentiary record. As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the granting of summary judgment. Fed. R. Civ. P. 56(e). On summary judgment, a party must show the court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003).

As mentioned earlier, Mr. Morris has not filed a statement of material facts in dispute. The consequence of these circumstances is that Mr. Morris has conceded the Defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the

nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921–22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

The Defendants have shown that there was no violation of Mr. Morris's federally secured rights associated with their delivery of necessary medical services to him associated with his claim in this case. A court examines the totality of an inmate's medical care when determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs. *Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999). A course of treatment violates the Eighth Amendment only when it departs so radically from the standards of the profession that it falls outside the bounds of the defendant's professional judgment. *See King v. Kramer*, 680 F.3d 1013, 1018–19 (7th Cir. 2012). None of the Defendants acted in a manner which fell below this standard.

The evidentiary record summarized above negates the presence of the subjective state of mind required to show deliberate indifference, *i.e.,* that any Defendant was "subjectively aware of [Morris'] serious medical needs and disregarded an excessive risk that a lack of treatment posed to his health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). Mr. Morris's opinion otherwise does not support a claim of cruel and unusual punishment. *Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir. 2001) ("A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation."). Mr. Morris offers no evidentiary basis on which to conclude that the Defendants did not exercise reasonable professional judgment when assessing and treating his medical condition.

"Medical decisions that may be characterized as classic examples of matters for medical

judgment . . . such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview." *Snipes v. DeTella,* 95 F.3d 586, 591 (7th Cir. 1996) (internal citations omitted). While the medical care Mr. Morris received "may not have been entirely to his satisfaction, the Constitution does not guarantee a prisoner's choice of a physician, a mode of treatment, or a place of treatment, nor does it (or could it) guarantee a particular outcome or level of comfort in the face of physical maladies." *Gerald v. Ind. Dep't of Corr.,* 2009 WL 1795178, at *3 (S.D.Ind. June 23, 2009) (citations omitted). There is simply no basis for finding "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate a complete abandonment of medical judgment." *Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006). Additionally, there can be no claim under the Eighth Amendment simply because medical procedures were unsuccessful or, if successful, were not fully effective in alleviating the effects of a condition. Because of this showing, the Defendants are entitled to the entry of judgment in their favor and against Mr. Morris. *Celotex Corp.*, 477 U.S. at 322-23 (explaining that when the moving party has met the standard of Rule 56, summary judgment is mandatory).

## IV. **CONCLUSION**

The Defendants' Motion for Summary Judgment (Dkt. 45) is **GRANTED.** Necessarily, the Defendants' alternative Motion to Dismiss for failure to comply with the Court order (Dkt. 60) is **DENIED.** Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 03/20/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

7

DISTRIBUTION:

Donald Morris
10211 John Jay Drive
Indianapolis, Indiana  46235

Anthony D. Pignotti
FOLEY BARON METZGER JUIP PLLC
apignotti@fbmjlaw.com

Mark G. Reynolds
FOLEY BARON METZGER JUIP PLLC
mgreynolds@fbmjlaw.com

Randall A. Juip
FOLEY BARON METZGER JUIP PLLC
rajuip@fbmjlaw.com